UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **Omni MedSci, Inc.,** *Plaintiff/Counter-Defendant*, v. **Apple Inc.,** *Defendant/Counter-Plaintiff*. | Case No. 2:18-cv-429-RWS  **JURY TRIAL DEMANDED** |

**E-DISCOVERY ORDER**

Pursuant to the stipulation of the parties, the following procedures shall govern discovery of Electronically-Stored Information ("ESI") in this case:

1.   **Custodian names and search terms to be exchanged.**  The parties shall meet and confer to reach agreement on a reasonable list of custodians for purposes of collection, review and production of electronically stored information.  In connection with the meet and confer process, each party shall provide a proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case (e.g., the asserted patents, the development, design and operation of the accused products, sales, marketing and other damages-related information for the accused products, Plaintiff's allegations regarding meetings between the parties, and ownership of the asserted patents, including any discussions with the University of Michigan relating to same).  The parties then shall meet and confer to reach agreement on document custodians and also shall meet and confer to reach agreement on

1

search terms to be used for electronic searches of the files from those custodians. ESI, including, but not limited to electronic files and email, shall be collected for each individual custodian from the personal computers, network resources, and other electronic devices that those individuals use for work purposes. Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the parties shall (at the producing party's request) meet and confer to discuss application of further negative search restrictions (e.g., if a single search was for "card" and ninety percent of the resulting documents came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these documents). The party receiving production shall not unreasonably oppose such further restrictions designed to filter immaterial search results. The parties shall make good faith efforts to identify appropriate email custodians and produce email on the agreed upon schedule, but reserve the right to seek email from additional email custodians identified through discovery.

2. **Format for production of documents – documents existing in electronic format.** Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced in multiple page, searchable PDF format at a resolution of at least 300 dpi in accordance with the following:

   A. PDF files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document.

   B. For documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable. The receiving party may request from the producing party a list of all PDF documents that were not

produced in searchable format. For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.

    C. **Metadata.** Load files should include, where applicable, the information listed in the Table of Metadata Fields shown below. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

| TABLE OF METADATA FIELDS | | | | |
|---|---|---|---|---|
| **Field Name** | **Specifications Field Name** | **Field Type** | **Description (Email)** | **Description (E-Files/Attachments)** |
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |

| TABLE OF METADATA FIELDS | | | | |
|---|---|---|---|---|
| **Field Name** | **Specifications Field Name** | **Field Type** | **Description (Email)** | **Description (E-Files/Attachments)** |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| DateSent | | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |
| OriginalName | OriginalName | | N/A | The file name of the file. |

    D. **Production media and encryption of productions.**  Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, external hard drives or SFTP, as appropriate. The producing party shall encrypt the production data using WinRAR encryption,

and the producing party shall forward the password to decrypt the production data separately from the CD, DVD, external drive or SFTP to which the production data is saved.

3. **Format for production of documents – hardcopy or paper documents.** All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

4. **Source code.** This Stipulation does not govern the format for production of source code, which shall be produced pursuant to the relevant provision of the Protective Order.

5. **Parent and child emails.** The parties shall produce email attachments sequentially after the parent email.

6. **Native files.** For purposes of this litigation only, PowerPoint and Excel files shall be produced in their native file format and as kept in the ordinary course of business. Upon reasonable request, the parties will not unreasonably refuse to provide native versions of files originally produced according to the requirements of Section 2 above. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced. For clarity, this paragraph does not impose upon the producing party an obligation to convert any native files to be compatible with alternative operating systems prior to production. In the event a native file is produced in a format that the receiving party cannot open, however, the receiving party may request that the native file be produced in searchable pdf format according to Section 2 above.

7. **Databases.** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of

5

admissible evidence.  Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table.  These reports or data tables will be produced in a static format.

The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

8. **Requests for hi-resolution or color documents.**  The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images.  Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read.  The producing party shall have the option of responding by producing a native-file version of the document.  If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

9. **Foreign language documents.** All documents shall be produced in their original language.  Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions.  In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation.  Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

10. **Document preservation.** The parties shall preserve all hardcopy documents and reasonably accessible ESI relating to the issues relevant to this action. The parties shall exercise reasonable diligence to ensure that document retention notices are distributed to custodians who are likely to have relevant documents. Furthermore, the parties shall not intentionally destroy any relevant documents that they know or reasonably suspect contain relevant information. The parties shall meet and confer regarding any reasonable additional document preservation measures that may be required to ensure that relevant information is not destroyed during the pendency of this litigation.

**IT IS SO ORDERED.**