UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OMNI MEDSCI, INC., | Case No.: 19-cv-05673-YGR |
|    *Plaintiff and Counter Defendant*, | **[PROPOSED] ORDER GRANTING APPLE INC.'S MOTION TO DISMISS, OR ALTERNATIVELY, FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| v. | |
| APPLE INC, | Date:  December 10, 2019 |
|    *Defendant and Counter Plaintiff.* | Time:  2:00 p.m. |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Dept:  Courtroom 1, 4th Floor |

Now before the Court is Defendant and Counter-Plaintiff Apple Inc.'s ("Apple") Motion to Dismiss, or Alternatively, for Leave to File Motion for Reconsideration ("Motion to Dismiss" or "Mot.").

The Court has considered the Motion to Dismiss.  The Court finds that the activities of Dr. Mohammed Islam, the named inventor of the patents-in-suit and an employee of the University of Michigan ("University"), that led to the inventions claimed by the patents-in-suit, were supported directly or indirectly by funds administered by the University.  *See, e.g.*, Mot. Exs. E, F, T, and V. Thus, by virtue of Dr. Islam's employment agreement with the University, the Court finds that the patents-in-suit are subject to University Bylaw 3.10 ¶ 1, which provides that patents issued or acquired as a result of activities by faculty members "supported directly or indirectly (e.g., through the use of University resources or facilities). . . shall be the property of the University."  Mot. Ex. A.

Furthermore, the Court finds that the language of University Bylaw 3.10 ¶ 1 operates as an

automatic assignment of future interests in inventions falling under Bylaw 3.10 ¶ 1, requiring no further act on the part of the University employee, *i.e.*, Dr. Islam.  *DDB Techs., L.L.C. v. MLB Advanced Media*, L.P., 517 F.3d 1284, 1290 (Fed. Cir. 2008).  Accordingly, the University, and not Dr. Islam, was the owner and true assignee of the patents-in-suit the moment the patents issued, and remained the owner and true assignee of the patents-in-suit when Plaintiff Omni MedSci, Inc. ("Omni") brought this action for patent infringement.  Thus, the Court finds Omni does not have legal standing to maintain this action.

Accordingly, the Court is of the opinion that said Motion to Dismiss should be **GRANTED**.  It is therefore **ORDERED** that this case is **DISMISSED** with prejudice.

DATED:

The Honorable Yvonne Gonzalez Rogers
United States District Judge